UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM S. ISAACS, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, Commissioner of Social Security, <br><br> Defendant. | Case No. CV 07-3242 JC <br><br> MEMORANDUM OPINION AND ORDER OF REMAND |

## I. SUMMARY

On June 6, 2007, plaintiff William S. Isaacs ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have filed a consent to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; June 12, 2007 Case Management Order, ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand because the Administrative Law Judge ("ALJ") erroneously failed to address the effect of plaintiff's mental condition on plaintiff's ability to work and to develop adequately the record on the issue of plaintiff's possible mental impairments.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On August 18, 2004, plaintiff filed applications for Supplemental Security Income and Disability Insurance benefits. (Administrative Record ("AR") 67, 147). Plaintiff asserted that he became disabled on March 7, 2004, due to seizures and a knee injury. (AR 67, 85). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert. (AR 155-76).

On December 19, 2006, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 16, 20). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: a seizure disorder and ligamentous injury of the right knee (AR 18); (2) plaintiff's impairment or combination of impairments did not meet or medically equal one of the listed impairments (AR 18); (3) plaintiff retained the residual functional capacity to perform work at any exertional level, with certain limitations[1] (AR 18); (4) plaintiff could perform his past relevant work (AR 20); (5) plaintiff could perform two other jobs that existed in significant numbers in the local and national

///

---

[1]Specifically, the ALJ determined that plaintiff: (i) could never climb ladders, ropes or scaffolds; (ii) could occasionally climb ramps and stairs; (iii) could occasionally knee [sic] and crawl; and (iv) should avoid concentrated exposure to hazards such as heights and moving machinery. (AR 18).

economy (AR 20); and (6) plaintiff's subjective complaints were incredible.  (AR 20).

The Appeals Council denied plaintiff's application for review.  (AR 5-7).

### III. APPLICABLE LEGAL STANDARDS

#### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months.  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)).  The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is required to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit his ability to work?  If not, the claimant is not disabled.  If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform his past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five.

(5)   Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow him to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

**B.   Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff alleges that the ALJ failed to consider the effect, if any, of plaintiff's mental condition on his ability to perform gainful activity, and also failed to develop the record with respect to plaintiff's alleged mental impairments. This Court agrees that the ALJ's failure to address plaintiff's mental condition and adequately to develop the record regarding such condition requires a remand for further proceedings.

### A. Relevant Facts

Although plaintiff's original application contains no specific allegation regarding his mental condition, the record reflects that plaintiff may suffer from one or more mental impairments. Plaintiff's treating neurologist, Dr. Lowell Nelson, diagnosed plaintiff with "mild mental retardation" and "depression," and stated that plaintiff had been "suicidal in the past." (AR 145). In a disability report filed with the California Employment Development Department, Dr. Nelson opined that plaintiff's mild mental retardation "limit[ed] [plaintiff's] employment potential," and recommended "psychiatric evaluation" for plaintiff's depression.[2] (AR 145). Dr. Nelson's progress notes reflect that "depression" and "mild mental retardation" were two of plaintiff's "current problem[s]." (AR 143). In addition, plaintiff stated in his initial disability report that he had attended "special education classes due to [his] learning ability [sic]." (AR 90). Plaintiff testified that he attended special education courses from "second grade . . . straight up to high school . . . ." (AR 158-59, 160). In a written statement, plaintiff's sister said plaintiff "was in [] special education programs in elementary and part of high school." (AR 140).

In his decision, the ALJ made no mention of plaintiff's mental condition.

---

[2] Dr. Nelson's opinions are contained in an October 10, 2006, Claim for Disability Insurance Benefits Doctor's Certificate submitted to the California Employment Development Department. (AR 145).

## B. The ALJ Erroneously Failed to Address Plaintiff's Mental Condition

The ALJ's failure to address evidence in the record that plaintiff may have a mental impairment requires a remand for further proceedings.

An ALJ in a social security case is required to consider the effect of any mental impairment on a plaintiff's physical ability to perform gainful activity, even if a plaintiff's symptoms fail to meet or equal those of a listed mental disorder.  See Sprague v. Bowen, 812 F.2d 1226, 1231 (9th Cir. 1987) (citing Beecher v Heckler, 756 F.2d 693, 694 (9th Cir. 1985) (because person's ability to engage in gainful employment is dependent upon both physical and psychological capabilities, claimant's illnesses must be considered in combination and must not be fragmented in evaluating their effects); 42 U.S.C. § 423(d)(2)(B).  While the ALJ is free to expressly reject evidence regarding a plaintiff's mental impairment, he may not ignore it.  Sprague, 812 F.2d at 1231; Lester v. Chater, 81 F.3d 821, 830 (1996) (ALJ may not "isolat[e] the effects of [plaintiff's] physical impairment from the effects of his mental impairment").  When rejecting a treating physician's findings, the ALJ is required, at a minimum, to articulate "specific, legitimate reasons" for doing so.  Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (citation omitted).

Here, the ALJ relied in part on Dr. Nelson's findings to conclude that plaintiff's seizure disorder did not limit plaintiff's ability to work, but did not mention Dr. Nelson's other conclusion that a mental impairment contributed to plaintiff's disability.  (AR 19, 20).  The ALJ's failure to address Dr. Nelson's findings with respect to plaintiff's mental state constitutes error.[3]  Lester, 81 F.3d

---

[3]Defendant argues that the ALJ could have rejected Dr. Nelson's diagnosis of plaintiff's mental state because "the opinion of consultative examiner Mark Glasberg" – that "plaintiff's mental status functions were normal" – contradicted Dr. Nelson's findings.  (Defendant's Motion
(continued...)

at 829-30. As consideration of plaintiff's alleged mental impairment could have affected the ALJ's assessment regarding plaintiff's ability to work, this Court cannot find that such error is harmless.

### C. The ALJ Erroneously Failed Fully and Fairly to Develop the Record Regarding Plaintiff's Mental Condition

An ALJ has an affirmative duty to assist the claimant in developing the record at every step of the sequential evaluation process. Bustamante, 262 F.3d at 954; see also Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (ALJ has special duty fully and fairly to develop record and to assure that claimant's interests are considered). The ALJ's duty to develop the record is triggered "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001) (citation omitted). This duty applies whether or not the claimant is represented, and is "heightened where the claimant *may* be mentally ill and thus unable to protect [his] own interests." Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (emphasis added) (citing Higbee v. Sullivan, 975 F.2d 558, 562 (9th Cir. 1992)); see also DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991) ("In cases of mental impairments, this duty [to develop the record] is especially important.").

Although the ALJ here did not expressly find that evidence of plaintiff's mental state was ambiguous or insufficient to assist in determining disability, the

---

³(...continued)
at 4-5). The Ninth Circuit has ruled that such arguments, however potentially persuasive, are not cognizable by the Court. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (district court cannot affirm on the basis of evidence the ALJ failed to discuss); Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision"). The Administration's decision stands or falls based upon the reasons cited by the ALJ. Barbato v. Commissioner of Social Security Administration, 923 F. Supp. 1273, 1276 n.2 (C.D. Cal. 1996)("Commissioner's decision must stand or fall with the reasons set forth in the ALJ's decision").

record contains sufficient evidence of plaintiff's possible mental impairment to trigger the ALJ's duty to develop the record. Hilliard v. Barnhart, 442 F. Supp. 2d 813, 817 (N.D. Cal. 2006) (A claimant "need only 'raise a suspicion' about his [mental] impairment in order to trigger the ALJ's duty to develop the record." (quoting Jones v. Bowen, 829 F.2d 524, 526 (5th Cir. 1987))).[4] Plaintiff's treating physician diagnosed plaintiff with "mental retardation" and "depression," and noted that plaintiff was "suicidal in the past." (AR 145). The record contains evidence that plaintiff had been assigned to special education courses during much of his school years. Such evidence, while perhaps not specific enough to permit a full disability evaluation, should have prompted the ALJ to inquire further than he did. The record reveals little effort by the ALJ to seek additional information to determine whether plaintiff's mental state could impact the ALJ's disability determination.[5] The ALJ did not, for example, order a consultative examination, even though Dr. Nelson expressly urged a "psychiatric evaluation" for plaintiff's depression. (AR 145).[6]

As the ALJ erroneously failed adequately to develop the record regarding plaintiff's mental state, and as the current record provides an insufficient basis

---

[4] "While the mere presence of a mental disturbance does not automatically indicate a severe disability, it cannot be ignored by the ALJ. . . . The ALJ has a duty to develop the record when there is a suggestion of mental impairment by inquiring into the present status of impairment and its possible effects on the claimant's ability to work." Plummer v. Apfel, 186 F.3d 422, 434 (3d Cir. 1999) (citations omitted).

[5] In a June 15, 2006 disability report plaintiff indicated he had seen or would be seeing someone for "emotional or mental problems" that limited his ability to work. (AR 100). The ALJ did not examine plaintiff at the hearing to determine the nature of the alleged "emotional and mental problems," or if the alleged problems might impact plaintiff's ability to work.

[6] One of the means available to an ALJ to supplement an inadequate medical record is to order a consultative examination, i.e., "a physical or mental examination or test purchased for [a claimant] at [the Social Security Administration's] request and expense." Reed v. Massanari, 270 F.3d 838, 841 (9th Cir. 2001) (citing 20 C.F.R. §§ 404.1519, 416.919).

upon which to determine whether plaintiff's mental state impacted his ability to work, this Court cannot deem the ALJ's error harmless.  Accordingly, a remand is appropriate to enable the ALJ to develop the record regarding plaintiff's mental condition and to assess whether, in light of the fully developed record regarding plaintiff's mental condition, plaintiff was able to work.

## V.     CONCLUSION[7]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Memorandum Opinion and Order of Remand.[8]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:   October 1, 2008

                                                 /s/
                            Honorable Jacqueline Chooljian
                            UNITED STATES MAGISTRATE JUDGE

---

[7] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.  The Court nonetheless notes that on remand the ALJ should consider (i) whether plaintiff is obese; (ii) the effect, if any, of plaintiff's height/weight ratio over time on plaintiff's ability to work; and (iii) whether the record needs to be developed further on the issue of obesity.  See Social Security Ruling ("SSR") 02-01p at *6 (ALJ should consider "the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment . . . .  The combined effects of obesity with other impairments may be greater than might be expected without obesity . . . ."); Celaya v. Halter, 332 F.3d 1177, 1182 (9th Cir. 2003) (obesity should be considered when evaluating disability even if plaintiff did not explicitly raise obesity as a possible disabling factor).

[8] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).